IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO.  SA-13-CR-13-XR |
| | § | |
| JOSE SOCORRO AVALOS | § | |

**DEFENDANT'S MOTION FOR DISCOVERY OF ITEMS MATERIAL
TO THE PREPARATION OF HIS DEFENSE**

**TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS:**

**NOW COMES JOSE SOCORRO AVALOS**, Defendant, who files "Defendant's Motion for the Discovery of Items Material to the Preparation of his Defense" and in support shows: [1]

**1. Authority:**

Mr. Avalos submits this motion for discovery under Rule 16 of the Fed. R. Crim. P., and under authority of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**2. Items Sought are in Possession of the United States Government:**

The Court has determined that "the GAO is an arm of the United States government." *See Order* [Doc. 51] at 3 (citing 31 U.S.C. § 702). "Therefore," the Court wrote, "if the GAO is in possession of the materials, the United States government is also in possession of the materials." *Id*.

---

[1] In light of the fact that the government has filed a motion to quash the subpoena for the materials requested *via* this motion, and which are now requested through the vehicle of this motion for discovery, Mr. Avalos assumes that the government is opposed to the granting of this motion.

1

Fed. R. Crim. P. 16(a)(1)(E)(i), under the section tabbed "Government's Disclosure," provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and…the item is material to preparing the defense."[2]

Via email communications, GAO Attorney Warren Dunn has identified approximately 2000 pages as data that was used in the preparation of three GAO reports, namely, (1) *Border Security: Challenges in Implementing Border Technology* (March 12, 2003); (2) *Land Border Ports of Entry: Vulnerabilities and Inefficiencies in the Inspections Process* (August 18, 2003) and; (3) *Border Security: Despite Progress, Weaknesses in Traveler Inspections Exist at Our Nation's Ports of Entry* (November 5, 2007).[3] Defendant seeks the production of **ALL** of these materials, because they are all material to the preparation of his defense to the charge of illegal reentry after deportation, specifically, that he was entrapped by estoppel, when, after he fully

---

[2] Rule 16[(a)(1)(E)(i)] "requires disclosure if…the defendant shows that disclosure of the document or tangible object is material to the defense…" *See* Notes of Advisory Committee on 1974 amendments. With emphasis in bold by Defendant, the notes add:

> Disclosure of documents and tangible objects which are "material" to the preparation of the defense may be required under the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), without an additional showing that the request is "reasonable." In *Brady* the court held that "due process" requires that the prosecution disclose evidence favorable to the accused. Although the Advisory Committee decided not to codify the Brady Rule, the requirement that the government disclose documents and tangible objects "material to the preparation of his defense" underscores the importance of disclosure of evidence favorable to the defendant.
>
> **Limiting the rule to situations in which the defendant can show that the evidence is material seems unwise. It may be difficult for a defendant to make this showing if he does not know what the evidence is.**

[3] A full recitation of the conclusions that were reached by the GAO, by way of the data that is now being requested is contained in Mr. Avalos's Response [Doc. 50], in pages 4-8, and p. 8, ns. 1, 2, which for the purpose of this motion, need not be reproduced.

disclosed his deportation status to agents at the Eagle Pass POE, and inquired whether his recently issued green card allowed his reentry, he was allowed to reenter the United States.

### 3. Right to Compulsory Process:

The Court has ruled that aside from the subpoena vehicle, he can receive the materials sought from the GAO, as "[t]here is nothing stopping the GAO from voluntarily disclosing the files to Defendant, should it wish to do so." *Order* [Doc. 51] p. 4. Mr. Avalos submits that this option is not practical in criminal cases, because it relies entirely on the timelines and other disclosure determinations of the GAO. As noted in his response to the motion to quash, the Defense has no assurance that he will receive the information with enough time to prepare for trial, and that the GAO will not, at some later date, raise other objections as to what it will be disclosing, in what typically is a long, drawn-out process.

In any event, Mr. Avalos reiterates that he has the right to confrontation and compulsory process of any items that are necessary for the presentation of a complete defense. *See* Response [Doc. 50] p. 3. Mr. Avalos also enjoys the right to all information that is exculpatory and of impeaching value. *See generally Brady*. If the items have been identified, and are available, the Court, absent compelling reasons, should not prevent the Defense from obtaining this information. Mr. Avalos resubmits his request for the items sought either through the original subpoena that was accepted by the GAO, or this motion to discover, inspect and copy the data that is now in the government's possession.

### 4. Materiality of Information Sought:

Defendant seeks the production of every one of the 2000 (or so) pages of data (and in whatever other format) currently in possession of the government, because their inspection is material to Mr. Avalos's defense, to the charge of illegal reentry after deportation.

Mr. Avalos is well-aware that Rule 16 of the Federal Rules of Criminal Procedure provide that this Court may, "for good cause," restrict a discovery request. FED. R. CRIM. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). *See* Order [Doc. 51] at 15. The Court has determined that Mr. Avalos has failed to establish the relevance of the information requested. *Id*.

The Court has expressed that the materials sought are irrelevant to Mr. Avalos's defense, citing case law that rejects arguments that permission given Mr. Avalos to reenter, by an agent at the POE is not the equivalent of receiving permission by the Attorney General, in accordance with 8 USC Section 1326(a), and that the offense does not recognize a specific intent as material to the commission of the offense. *Id*. p. 6-7. However, the Court did not (at least not specifically) address the materiality of the items sought *vis a vis* Mr. Avalos's defense of entrapment by estoppel. This defense was presented as a ground for relief in Mr. Avalos's motion to dismiss (see Order [Doc. 30], p. 4-5), and fully discussed by the Court in its order denying that motion (*Id*. at p. 3-7). The Court did not deny relief on the basis that the theory of entrapment by estoppel was not applicable to this case, but on the basis that, in the context of a motion to dismiss where the Court alone was the trier of fact, Mr. Avalos was not credible. *Order* [Doc. 31] at p. 3, 7. Mr. Avalos seeks to present this argument to a jury at trial. Mr. Avalos referenced this observation in his response to the motion to quash, **but erroneously linked it to the statute of limitations argument and not, as he intended, to the entrapment by estoppel defense** (*See* Response (Doc. 50 at p. 9) ("This information is directly relevant to Mr. Avalos" *limitations defense*, as presented in his motion to dismiss, which this Court has left open as an issue to be decided by a jury.") (citing *Order*, [Doc. 39], p. 7 ("The Court makes no ruling on whether this defense may or may not be submitted to the jury should this case be

tried."), and may have misled the Court in this respect. [4] On the Court's determination, at the time, that it would make no ruling on whether an entrapment by estoppel defense may be submitted to a jury, Mr. Avalos will submit that this defense is clearly recognized as an issue for a jury at trial. *See generally United States v. Hale*, 685 F.3d 522 (5th Cir. 2013); (*United States v. Spires*, 79 F.3d 464 (5th Cir. 1996) (seminal case indicating that estoppel by entrapment is a jury issue where there is a dispute over the defendant relied upon the advice or conduct properly empowered government official.). *See also United Abcasis*, 45 F.3d 39 (2d Cir. 1995) (district court's refusal to put the estoppel defense to the jury was error).

**5. Entrapment by Estoppel:**

The Court has fleshed out this, and other Circuits' treatment of the entrapment by estoppel defense in its previous order (Doc. 31, ps. 3-7), and a recitation of this body of law is not necessary in this pleading. There are two issues of importance, however, that must be discussed, in order to fully explore the relevance/materiality of Mr. Avalos's subpoena/discovery requests for the GAO data, *vis* his entrapment by estoppel defense at trial.

First, the defense does not rely on Mr. Avalos's alleged failure to have properly requested authorization to reenter the county through the proper channels (i.e. Attorney General), as provided by the illegal reentry statute. This is because entrapment by estoppel is a common law, due process-borne defense that was first sanctioned by the Supreme Court in *Raley v. Ohio*, 360 U.S. 423 (1959), and is based solely on the concept of fairness. In *Raley*, the defendants were held in contempt of a state legislative commission for refusing to answer questions about Communist Party and subversive labor activities, where the commission chairman had

---

[4] The limitations defense is a legal matter that is ordinarily determined by the Court, and not a jury. Mr. Avalos may consider arguing that this issue, which involves a dispute issue of fact, should be considered as a defense for a jury, but is not prepared to do so at this point.

erroneously led the defendants to believe that they had a right to rely on their privilege against self-incrimination. The Supreme Court reversed their convictions, concluding that even though there was "no suggestion that the commission had any intent to deceive the appellants," to affirm their convictions "after the commission had acted as it did would be to sanction the most indefensible sort of entrapment by the state — convicting a citizen for exercising a privilege which the state clearly had told him was available to him." *Id*. at 438. Grounding its holding on the Due Process Clause, it wrote: "We cannot hold that the Due Process Clause permits convictions to be obtained under such circumstances." *Id*. at 439. In our case, the jury will determine whether it a. will believe Mr. Avalos's version of the facts, and b. whether Mr. Avalos's reliance on the POE agents's representation/act of allowing him to enter the country despite his not receiving proper authorization as provided by 8 U.S.C. Section 1326, was reasonable. Evidence of a recognized, systemic failure by POE agents to properly inspect people in situations like Mr. Avalos easily meets materiality requirements. While, under ordinary circumstances, GAO documented evidence that "sometimes border patrol agents make mistakes and erroneously permit unauthorized individuals entry into the United States" may be an "unremarkable reality (*Order* [Doc. 51] p. 6 n.4)," Mr. Avalos respectfully submits that this information is of core importance when presenting Mr. Avalos's entrapment by estoppel defense.[5]

Second, the Court has cited Fifth Circuit precedent that rejects the position that a lack of specific intent can be a defense to illegal reentry after deportation. *See* Orders [Doc. 39, p. 3]

---

[5] Mr. Avalos has submitted "reverse 404(b)" type precedent from the Fifth and other Circuits, that fully supports the admission of the GAO evidence, specifically, a well-documented systematic problem by POE agents in properly identifying the legal status of those entering the country at a number of border point of entries, such as the one located in Eagle Pass. *See* Response [Doc. 50] ps. 9-10.

(citing *United States v. Flores-Martinez*, 677 F.3d 699, 712 (5th Cir. 2012) ("Accordingly, not only is [Defendant's] belief that he was entitled to reenter the United States … not a defense, but also his "innocent" mental state is irrelevant."); [Doc. 51, p 6-7)] (citing *United States v. Treviño–Martinez*, 86 F.3d 65 at 68 (5th Cir. 1996) (same)). This actually establishes the viability of the entrapment by estoppel defense, where the specific intent requirement of a particular offense has been found by some courts to nullify the entrapment by estoppel defense. *United States v. Dixon*, No. 97-6088, 1999 WL 98578, at *4 (6th Cir. Jan. 27, 1999) (unpublished) ("When a criminal statute requires specific proof of culpable intent, the constitutional defense of entrapment by estoppel is superfluous because a defendant who acted in good faith reliance on the advice of government officials that his conduct was legal cannot have the specific intent to commit the offense"); *United States v. Conley*, 859 F. Supp. 909,929 (W.D.Pa.1994) (because "subjective good faith is a complete defense" to specific intent crimes, there is "no need for protection" from entrapment by estoppel; thus "the Due Process reliance on misleading government conduct does not apply in the context of crimes requiring proof of an intentional violation of a known legal duty"). *But see United States v. Cross*, 113 F. Supp.2d 1253,1264 (S.D. Ind.2000) (rejecting *Conley* and holding that entrapment by estoppel "may be raised as against both general intent crimes and specific intent crimes").

    **6. Public Authority Defense:**

The Court has observed that the defense of entrapment by estoppel is "closely related" to the public authority defense. *Order* [Doc. 39] p. 8. The Court also wrote that "Rule 12.3 is applicable in this case." Order p. 9 (Ordering the defense to comply with Rule 12.3(c) by a date certain). In an overabundance of caution, Mr. Avalos submits that while of a similar tone, each is a materially distinct defense. In *United States v. Hale*, the Fifth Circuit discussed Hale's

arguments, based on the public authority defense, and entrapment by estoppel, as separate legal issues.  *See generally United States v. Hale*, 685 F.3d 522 (5th Cir. 2012).  *See also United States v. Strahan*, 565 F.3d 1047, 1051 (7th Cir. 2009) ("[I]n the case of the public authority defense, the defendant engages in conduct at the request of a government official that the defendant knows to be otherwise illegal, while in the case of entrapment by estoppel, because of the statements of an official, the defendant believes that his conduct constitutes no offense.") (citations omitted).  Mr. Avalos does not know the names of the agents who inspected him and allowed him to pass the POE, as requested by this statute.  In any event, he is not seeking relief based on the defense of public authority.

   **7. Specificity of the Request:**

Mr. Avalos submits that it is possible that the Court's concerns about the specificity of the subpoena and motion for discovery request of the GAO data may have been minimized (if not altogether eliminated) if it had been convinced that the data was indeed relevant and material to his defense at trial.  He submits that simply because there are 2,000 or so documents, a request for all the data is automatically overbroad by virtue of its volume.  Mr. Avalos resubmits, in light of his renewed relevance/materiality arguments, that in **our** case, a request for all such data is clearly distinguishable from the proverbial fishing expedition, as **all** of the data requested has been identified by GAO as having been used to prepare the reports - particularly the one titled *Border Security: Despite Progress, Weaknesses in Traveler Inspections Exist at Our Nation's Ports of Entry* (November 5, 2007) , which focus **exclusively** on what the GAO concluded was a well-documented period of systemic security failure at our points of entry.  Restated, any evidence where those entering the POE were not properly inspected, and measures taken since to correct that problem, would be discoverable.  This would include names of those found to have

been in violation of proper inspection procedures (as well as their contact information, if available, for the purpose of subpoenaing them to appear and present their testimony at trial), and any and all information related to disciplinary procedures that may have been instituted to punish/rectify these errors.  To force the defense, on these facts, to be more specific, would require that he curtail his request on speculation about what this date specifically contains – which he cannot do - at the risk of losing the opportunity to examine documentation that may lead to other material evidence, including *Brady*-type, exculpatory evidence.  The whole point of this request is to investigate data in a manner that maximizes the discovery of material evidence. This information will then be subject to the Court's gatekeeper function, as they regard their admissibility at trial.  The items have been identified, and are available for inspection, at this time.  The defense should be allowed to copy and inspect same, in preparation for trial.  On the assumption that the date is in the custody of the United States Attorney's Office, the Court should allow the defense to copy and inspect same in preparation of trial.

Alternatively, Mr. Avalos requests that the Court inspect the materials in camera, and make a determination as to whether any or all of the data examined is relevant Mr. Avalos's defense, and/or contain *Brady*-type, exculpatory and impeaching-type evidence, and preserve same as part of the record, if need be, for appellate review.  This is a highly impractical measure, but one that Mr. Avalos is forced to request, in order to preserve appellate review.  Mr. Avalos respectfully submits that it would be better served to have Mr. Avalos's counsel conduct a full inspection of the data, after which it would then make the necessary arguments in support of admission at trial.  Mr. Avalos will reiterate that this information is not in the nature of grand jury transcripts, or a request to discover *Brady*-type evidence that is enmeshed with the government's work-product, situations that would typically requires the Court's own

independent inspection.  Other than a general over-broadness complaint, GAO has not expressed any concerns about the discoverability of the data, which as mentioned, has already been identified and collected by that agency.

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that this Honorable Court deny the government's "Defendant's Response to 'United States Motion to Quash Subpoena."

        Respectfully submitted,

        Jorge G. Aristotelidis
        De Mott, McChesney, Curtright & Armendariz, LLP.
        800 Dolorosa St., Suite 100
        San Antonio, Texas 78207
        (210) 277-1906
        (210) 212-2116 - Fax

By:   /s/ JORGE G. ARISTOTELIDIS
      SBN:  00783557

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of February, 2014, a copy of the foregoing "Defendant's Motion for Discovery of Items Material to the Preparation of His Defense,'" has been delivered to Ms. Christina Playton, AUSA in charge of this case, via ECF electronic filing.

/s/ JORGE G. ARISTOTELIDIS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CAUSE NO.   SA-13-CR-13-XR** |
| | § | |
| **JOSE SOCORRO AVALOS** | § | |

**ORDER**

On this day, the Court considered Defendant's "Defendant's Motion for the Discovery of Items Material to the Preparation of his Defense" and hereby **GRANTS DENIES** the motion.

SIGNED on this the _____ day of _____, 2014.

_____
XAVIER RODRIGUEZ**,**
United States District Judge